IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **THOMAS ADAMS**, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) **COLLECTIVE AND CLASS**<br>) **ACTION COMPLAINT** |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| **MERCHANTS SECURITY SERVICE OF DAYTON, OHIO, INC. d/b/a MERCHANTS SECURITY SERVICE**, | )<br>)<br>)<br>) |
| Defendant. | ) |

Plaintiff Thomas Adams ("Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Complaint against Defendant Merchants Security Service of Dayton, Ohio, Inc. d/b/a Merchants Security Service ("Defendant"), states as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Plaintiff brings this case as a FLSA "collective action" on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Moraine, Ohio.

8. Plaintiff was employed by Defendant from approximately May 2023 to May or June, 2024.

9. Plaintiff was employed by Defendant as a non-exempt hourly employee. Plaintiff's written Consent to Join Form is attached hereto as **Exhibit A**.

10. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is an Ohio for-profit corporation with its headquarters at 2015 Wayne Ave., Dayton, OH 43410. Defendant can be served through its Ohio registered statutory agent: James R Kirkland, 900 Gem Cit Sav Bldg., Dayton, OH 45402.

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

15. Defendant owns and operates a security services company.

16. At all relevant times, Plaintiff and other similarly situated employees worked for Defendant as non-exempt hourly security officer/guard employees.

17. At all relevant times, Plaintiff and other similarly situated employees were required to arrive early before their scheduled shifts to perform pre-shift duties such as "pass down" (aka "pass on", "debrief", or "shift change")[1] which includes communicating with the outgoing officer about information and events that transpired during the prior shift.

18. Other pre-shift duties included obtaining a radio and/or keys, conducting routine checks such as electrical systems, gates, alarms, and/or any other issues.

19. Plaintiff and other similarly situated employees were not paid any amount for this pre-shift work and such time was not counted as hours worked for purposes of computing overtime.

20. If the relieving security officer did not arrive sufficiently early, then Plaintiff and others similarly situated would have to stay beyond their scheduled shift end times to complete "pass down".

---

[1] The term "pass down" and the like are terms of art, routinely recognized, especially in the context of security work. Just as drivers drive, stockers stock, and cleaners clean, security guards perform "pass down" or "pass on."

21. Additionally, Plaintiff and others similarly situated were not paid when traveling to and from different job sites within the same workday. Such work is compensable under the commonly called "continuous workday" rule.

22. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

23. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. For example, without completing "pass down", the security officers/guards could not effectively perform their duties of protecting people/property, they would not be fully informed/prepared for potential issues, problems, dangers, malfunctioning gates/alarms, uninvited/banned individuals, security risks, etc.

25. Such pre- and/or post-shift work was performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract.

26. Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

27. As a result, Defendant failed to accurately record and compensate Plaintiff and those similarly situated employees for all hours worked, including their pre- and/or post-shift activities and/or job-to-job travel, which resulted in Defendant not paying for all overtime compensation for hours worked in excess of 40 in a workweek.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violation is defined as:

> **All current and former hourly security employees, including "guards" and "officers", and other titles with similar duties, and including temporary employees as applicable, of Defendant who completed "pass down"/"shift relief", and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter. ("Pass Down Collecitve").**

– and –

> **All current and former hourly security employees, including "guards" and "officers", and other titles with similar duties, and including temporary employees as applicable, of Defendant who worked more than one location/jobsite in any workday, and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter. ("Job-to-Job Collective").**

31. The Pass Down and Job-to-Job Collectives are jointly referenced as the FLSA Collective.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is

representative of the FLSA Collective members and is acting on behalf of their interests as well as his own in bringing this action.

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and the FLSA Collective members for their pre-shift activities resulting in Defendant failing to pay Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
### (Ohio Class)

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated employees who have similar claims under the laws of the State of Ohio, which is defined as:

> **All current and former hourly security employees, including "guards" and "officers", and other titles with similar duties, and including temporary employees as applicable, of Defendant who worked 40 or more hours during any workweek at any time during the two years preceding the date of the filing of this Complaint through final disposition of this matter. ("Pass Down Class").**

> – and –

> **All current and former hourly security employees, including "guards" and "officers", and other titles with similar duties, and including temporary employees as applicable, of Defendant who worked 40 or more hours during any workweek at any time during the two years preceding**

6

the date of the filing of this Complaint through final disposition of this matter. ("Job-to-Job Class").

36. The Pass Down Class and Job-to-Job Class are jointly referenced as the "Ohio Classes".

37. Each Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals in each class. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, §34a.

38. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendant's failure to pay Plaintiff and other class members for time spent working pre- and/or post-shift and/or for job-to-job travel.

39. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Classes, listed above, are common to each class as a whole, and predominate over any questions affecting only individual Ohio Class members.

40. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Class.

41. Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

42. Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

43. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

47. At all relevant times, Plaintiff and the FLSA Collective members regularly worked 40 or more hours per workweek for Defendant.

48. Plaintiff and the FLSA Collective members were not paid for all time worked, as described above.

49. Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

50. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

51. Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation.

52. Defendant's practice and policy of not paying Plaintiff and the FLSA Collective members for all overtime worked violated the FLSA.

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

55. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Class - Overtime Violations)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

58. At all relevant times, Plaintiff and the Ohio Class members regularly worked 40 or more hours per workweek for Defendant.

59. Plaintiff and the Ohio Class members were not paid for all time worked, as described above.

60. The unpaid work was performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

61. Plaintiff and the Ohio Class members were not paid for lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

62. Defendant failed to pay Plaintiff and the Ohio Class members the required overtime compensation.

63. At all relevant times, Defendant knew it was required to pay Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

64. Defendant's practice and policy of not paying Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

65. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

66. As a result of Defendant's violations of the OMFWSA, Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Plaintiff, the Opt-Ins who join, and the Ohio Classes actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff, the Opt-Ins who join, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*